```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DUANE D. HARRIS,

                        Plaintiff,              10-CV-6396T

            v.                                  **DECISION
                                                and ORDER**
CSX TRANSPORTATION, INC. and
CONSOLIDATED RAIL CORPORATION,

                        Defendants,
_____
```

### INTRODUCTION

Plaintiff Duane Harris, ("Harris" or "Plaintiff"), brings this action pursuant to the Federal Employers' Liability Act, ("the FELA")(codified at 45 U.S.C. § 51, et seq.), against his employer CSX Transportation, Inc. and his former employer Consolidated Rail Corporation, ("Conrail")(collectively,("Defendants")) claiming that he was injured due to the negligence of the Defendants in violation of that Act.  Specifically, Harris claims that while working within the scope of his employment for the Defendants, he sustained excessive and harmful cumulative trauma to his lower extremities, and specifically his knees.

Defendants deny Plaintiff's allegations and move for summary judgment dismissing Plaintiff's Complaint on grounds that Plaintiff failed to file his claim in a timely manner under the FELA.  For the reasons set forth below, I grant Defendants' motion for summary judgment and dismiss Plaintiff's Complaint in its entirety.

**BACKGROUND**

The following facts are set forth in the Plaintiff's Amended Complaint and the Defendants' Statement of Undisputed Material Facts submitted pursuant to Rule 56(a) of the Local Rules of Civil Procedure. See Docket No. 10, 24-1. Plaintiff has not controverted the facts set forth in the Defendants' statement of facts, and accordingly, where those facts are not inconsistent with the limited material facts submitted by Plaintiff, they are deemed admitted pursuant to Local Rule 56(a)(2).[1]

Harris's employment with Conrail as a rail maintainer and signal foreman began on April 1, 1976 and ceased on May 31, 1999. Deposition Transcript of Duane Harris at 37-38;[2] see Defendants' Answer to Plaintiff's Amended Complaint at ¶ 17. On June 1, 1999, Harris became an employee of CSX Transportation, working as a foreman. Deposition Transcript of Duane Harris at 53; see Defendants' Answer to Plaintiff's Amended Complaint at ¶ 17. Harris claims that while he was employed by Conrail and CSX Transportation, his work activities, such as climbing on equipment

---

[1] Plaintiff's Statement of Material Facts does not respond to or expressly deny any of the material facts as submitted by Defendants. See Plaintiff's (August 8, 2012) Statement of Material Facts(Docket No. 27-2). Plaintiff merely submits two material facts that implicitly dispute some of the material facts as set forth by Defendants.

[2] The facts in this Decision are found in Defendants' Statement of Undisputed Facts, but the Court cites to the original source of the factual assertion.

and working on uneven ground, caused physical injuries to his knees and/or aggravated a pre-existing condition. Plaintiff's Amended Complaint at ¶¶ 20-21, 27.

Harris testified at his deposition in this case that he had been experiencing clicking or cracking, stiffness, swelling, and redness in both knees for many years before he had his knees surgically replaced. Deposition Transcript of Duane Harris at 82-83. From September 2006 through May 2007, Harris saw a number of doctors for evaluation of his knees and for surgical consultation and clearance. See Exhibits F-I to Defendants' Motion for Summary Judgment. On July 11, 2007, Harris underwent left total knee replacement surgery, and on August 6, 2010, he underwent right total knee replacement surgery. Exhibits J, K to Defendants' Motion for Summary Judgment.

Harris alleges that he first discovered that the cause of his injury may have been related to his work on the railroad in February 2010, during a dinner conversation with his daughter, a Workers' Compensation attorney. Deposition Transcript of Duane Harris at 82-83. However, Harris testified that at no point in time before the conversation with his daughter in February 2010 did he know of any possible cause of his knee problems, nor did he ever "try to figure out" what was causing the pain in his knees. Deposition Transcript of Duane Harris at 110-11.

Harris commenced this action by filing a Complaint on July 9, 2010.³

**DISCUSSION**

Defendants argue that Harris's claim is time-barred because he failed to comply with the three year statute of limitations under the FELA. According to the Defendants, because Harris filed this action on July 9, 2010, he must establish that his injury occurred on or after July 9, 2007 for the claim to be timely. Defendants argue that because Harris' injury occurred long before July 9, 2007, and that Harris knew, or in the exercise of reasonable care should have known that his injury occurred well before July 9, 2007, his claim is time-barred.

Harris contends that he first discovered that the cause of his knee injuries was work related in February 2010, and therefore, he filed his Complaint within the 3 year statute of limitations period, or, at least, there exists a genuine issue of material fact as to when his cause of action accrued for purposes of the statute of limitations. I conclude, however, that Harris knew or should have known prior to July 9, 2007, that his alleged injuries were work related, and that his failure to investigate the cause of his injuries prior to July 9, 2007 renders the instant action time-barred under the FELA statute of limitations.

---

³ With leave of the Court, Plaintiff filed an Amended Complaint on December 3, 2010.

I.  **Summary Judgment Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.  Scott v. Harris, 550 U.S. 372, 380 (2007).  If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).  This standard applies "whether summary judgment is granted on the merits of the claim, or on an affirmative defense such as the statute of limitations." BellSouth Telecommunications, Inc. v. W.R. Grace & Co.-Conn., 77 F.3d 603, 609 (2d Cir. 1996).

II.  **The FELA's Statute of Limitations**

The FELA provides for a three year statute of limitations. 45 U.S.C. § 56.  Specifically the Act provides that "[n]o action shall be maintained...unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56.  Where, as here, there is a gradual injury with no exact injury date, the Supreme Court has adopted a "discovery-of-the-injury" rule which provides

that the plaintiff's cause of action accrues when the accumulated effects of the injury manifest themselves, Urie v. Thompson, 337 U.S. 163 (1949), and, as the Court later refined, when the plaintiff discovers both the injury and the cause of the injury. United States v. Kubrick, 444 U.S. 111 (1979)(applying the discovery-of-the-injury rule to claims under the Federal Tort Claims Act).

In FELA cases, the Second Circuit Court of Appeals has stated that a cause of action "accrues when the plaintiff in the exercise of reasonable diligence knows both the existence and the cause of his injuries." Mix v. Delaware & Hudson Railway Co., 345 F.3d 82, 86 (2d Cir. 2003). Additionally, the Second Circuit has held that pursuant to this rule, plaintiffs are required to exercise reasonable diligence in discerning both the fact and cause of their injuries. Barrett v. United States, 689 F.2d 324, 327 (2d Cir. 1982)(claim under the Federal Tort Claims Act).

The limitation period begins to run once an employee knows or has reason to know that his job duties are or were a potential cause of his injury. Tolston v. National R.R. Passenger Corp., 102 F.3d 863, 866 (7th Cir. 1996). Courts conduct "an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause." Anthony v. Consol. Rail Corp., 1998 WL 696288, at *3 (N.D.N.Y. 1998)(quoting Fries v. Chicago & N.T. Co., 909 F.2d 1092,

1095 (7th Cir. 1990)(citing Urie, 337 U.S. at 170)). Courts have further stated that upon experiencing symptoms, a plaintiff filing a claim under the FELA has an affirmative duty to investigate both the injury and the suspected cause of the injury. Fries, 909 F.2d at 1096 (citing Kubrick, 444 U.S. at 123); see Wagner v. Consol. Rail Corp., 206 F.Supp.2d 339 (N.D.N.Y 2002).

Thus, because an employee has an obligation to investigate the cause of his injury at the onset of his symptoms, causes of action under the FELA are deemed to have accrued when the plaintiff is alerted by symptoms. Wagner, 206 F.Supp.2d 339, at 342-43; see Johnson v. National R.R. Passenger Corp., 2007 WL 2790028 (E.D.N.Y. 2007); Hitchcock v. National R.R. Passenger Corp., 20 F.Supp.2d 429 (N.D.N.Y. 1998).

**III. Accrual of Harris's Claim**

I find that Harris' claim is time-barred because Harris knew of his injury long before July 9, 2007, and had a duty at the time he learned of his injury to investigate whether the injury was caused by his work at the railroad.

Harris first experienced pain in his knees approximately thirty years before filing this suit. See Exhibit H to Defendants' Motion for Summary Judgment (containing Medical Records from Dr. Christopher Drinkwater). He testified in this case that approximately ten years before filing this lawsuit he was aware of the injury to his knees and that the activities associated with his

job aggravated his condition and caused pain. Deposition Transcript of Duane Harris at 63-64, 78-79. Specifically, at his deposition, he answered affirmatively to the question, "And you were aware of your pain in both knees at work for ten years, is that correct?" Deposition Transcript of Duane Harris at 79.

Accordingly, because Harris knew of his injuries prior to July 9, 2007, and because he had a duty under the FELA to investigate the cause of his knee problems when they began, it is clear that Harris failed to bring the instant action in a timely manner. The record reveals that Harris was aware of his injury as early as 27 years prior to July 9, 2007, and that he experienced symptoms of his injury while at work approximately 7 years prior July 9, 2007. Once Harris was aware of his injuries to his knees and was aware that he experienced pain from the injuries while performing his work duties, he had a duty to investigate the cause of his injury during that time period. Because he failed to investigate the cause for more than three years prior to bringing this action, his claim is time-barred.

The record also reveals additional dates on which the Court finds that the Plaintiff, in the exercise of reasonable diligence, had a duty to investigate the cause of his injury. For example, Harris had a duty in September 2006 to investigate the cause of his knee problems when he was referred by his primary doctor to a specialist for evaluation of his knee. Exhibit F (Medical Records

from Dr. John Goldblatt) to Defendants' Motion for Summary Judgment. Additionally, Harris had a duty to investigate after his first visit with his knee surgeon Dr. Christopher Drinkwater, on April 26, 2007, at which time the doctor informed him that his condition required both knees to be surgically replaced. Deposition Transcript of Duane Harris at 78; see Exhibit H to Defendants' Motion for Summary Judgment. Harris was also required to investigate whether his work may have been a cause of his injury when Dr. Les Weisbrod noted in a surgical clearance examination in May 2007 that he had "severe [degenerative joint disease]...and now it is time for replacement." Exhibit I (Medical Records from Dr. Weisbrod) to Defendants' Motion for Summary Judgment.

The evidence cited represents a persuasive list of dates that a person, such as Harris, in the "exercise of reasonable diligence," should have discerned that his job duties were the potential cause of his injuries. For Harris not to investigate whether work could have been a cause of his injuries at any point prior to July 9, 2007 is objectively unreasonable. Therefore, I conclude as a matter of law that Harris knew of his injuries and should have known of their cause prior to July 9, 2007 (three years before commencing this action on July 9, 2010). Accordingly, because Harris should have known of the alleged cause of his work-related injuries more than three years prior to filing the instant

Complaint, I find that his claim is time-barred as a matter of law by the FELA three year statute of limitations.

## **CONCLUSION**

For the reasons set forth above, I grant Defendants' motion for summary judgment and dismiss Plaintiff's Complaint in its entirety with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                            S/ Michael A. Telesca
                                            _____
                                            HONORABLE MICHAEL A. TELESCA
                                            United States District Judge

DATED:    February 4, 2013
            Rochester, New York